UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ERIK MONACO,

          *Plaintiff*,

  -against-

MEDLY PHARMACY, INC.,

          *Defendant.*
------------------------------------------------------------------------X

**COMPLAINT**

**PLAINTIFF DEMANDS TRIAL BY JURY**

Plaintiff Erik Monaco, as and for his Complaint, respectfully alleges, all upon information and belief, as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over the subject matter of this litigation pursuant to 28 U.S.C. §1332, in that Plaintiff's claims exceed the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

2. Venue is proper under 28 U.S.C §1391(b) because the events underlying this action occurred within the Southern District of New York and because the Defendant does business in this District.

## IDENTITY OF PARTIES

3. At all relevant times mentioned herein, Plaintiff Erik Monaco ("Monaco") is a resident of the State of Florida.

4. At all relevant times mentioned herein, Defendant Medly Pharmacy, Inc. ("Medly") is a New York Corporation and does business in the County, city and State of New York.

5. Medly is a full-service digital pharmacy that offers free prescription delivery for all types of medicine.

## FACTS RELATING TO MONACO'S
## BREACH OF CONTRACT CAUSE OF ACTION

6. Monaco began his employment with Medly on February 1, 2019 as a VP of Dermatology Sales, pursuant to a written contract dated January 16, 2019 ("the Agreement"), attached hereto as Exhibit A and incorporated by reference herein.

7. Pursuant to ¶5 of Monaco's employment agreement with Medly, in the event of a termination "without cause," Monaco would be entitled to receive his "current Base Salary for twelve (12) months (the 'Termination Severance') payable in accordance with Company's regular payroll practices, but not less frequently than monthly," a provision upon which Monaco relied in accepting employment with Medly.

8. Monaco's current base salary was $300,000 per annum.

9. On August 31, 2022, Medly laid off over 600 of its employees, which represented at least 50% of the company's workforce.

10. On August 31, 2022, Monaco was laid off without cause, which triggered the severance provision in ¶5 of the Agreement.

11. Medly presented Monaco with a severance agreement dated August 31, 2022, that provided for only two (2) weeks of severance, not the twelve (12) months of severance that Medly is contractually required to provide to Monaco.

12. In order to receive wholly inadequate two weeks of severance, Monaco would have to execute a general release, which he did not do.

13. Despite Monaco's demand for the full severance he is contractually entitled to receive, Medly will not satisfy its obligation under the Agreement and is in breach of its agreement with Monaco.

## FACTS RELATING TO MONACO'S CLAIMS UNDER
## THE FEDERAL AND NEW YORK STATE WARN ACTS

14. On August 4, 2022, Medly laid off 293 employees, which represented approximately 16% of the company.

15. On August 31, 2022, Medly laid off approximately 50% of the remaining employees, including Monaco.

16. Medly was required by the federal WARN Act to provide Monaco with 60 days advance written notice and was required by the New York WARN Act to provide Monaco with 90 days advance written notice, but it failed to do so.

17. The reason Medly cited for its failure to comply with the federal and New York State WARN Acts is that, at the last minute, it did not receive the capital it was expecting from a funding source, so that notice was not possible due to unforeseen business circumstances.

18. Medly's explanation for its failure to comply with the WARN Act is disingenuous and false, as Richard Willis, Medly's Chief Executive Officer, announced, during a company-wide video conference on September 1, 2022 that Medly had secured funding and financing from banks and investors, and Medly continues to operate and make plans for the future.

19. Upon information and belief, the lay-offs were foreseeable and notice could have and should have been provided.

20. Medly failed to pay Plaintiff his wages, salary, commissions, bonuses, accrued holiday pay and 401(k) contributions and provide him with health insurance coverage and other employee benefits.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF MONACO AGAINST MEDLY FOR BREACH OF A WRITTEN CONTRACT

21. Monaco repeats, realleges and incorporates ¶¶1-20 of this Complaint as though fully set forth at length herein.

22. At all relevant times mentioned herein, there existed a valid and binding written Agreement between Monaco and Medly dated January 16, 2019.

23. Medly breached the agreement by failing and refusing to pay him the severance he was entitled to receive following a "without cause" termination, as provided for in ¶5 of the Agreement.

24. As a direct and proximate result of Medly's breach of its employment Agreement, Monaco has suffered damages in the sum of at least Three Hundred Thousand ($300,000) Dollars.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF MONACO AGAINST MEDLY FOR VIOLATION OF THE WARN ACT, 29 U.S.C. §2101, *et. seq.*

25. Monaco repeats, realleges and incorporates ¶¶1-20 of this Complaint as though fully set forth at length herein.

26. At all relevant times herein, Medly was an "employer" as that term is defined under 29 U.S.C. §2101(a)(1) because it employed more than 100 employees who in the aggregate worked more than 4,000 per week, exclusive of hours of overtime, within the United States.

27. At all relevant times here, Medly is a private, for-profit business.

28. During the month of August 2022, Medly terminated at least 50% of its employees in a mass-layoff as that term is defined by 29 U.S.C. §2101(3)(B)(i)(I) and (II).

29. Specifically, on August 4, 2022, Medly laid off 293 employees and on August 31, 2022 laid off over 600 employees resulting in a total lay-off of at least 50% of the its employees.

30. The mass layoff resulted in an employment loss to Monaco on August 31, 2022.

31. Medly failed to provide Monaco with written notice of the mass layoff at least 60 days before the effective date, namely August 31, 2022, in violation of 29 U.S.C §2102(a)(1), although the mass-layoff was reasonably foreseeable to Medly.

32. Pursuant to §2014(a) of the federal WARN Act, Medly is liable to Monaco for back pay, salary, commissions, bonuses, benefits, accrued holiday pay, 401(k) contributions, health insurance coverage and other employee benefits in an amount to be determined at trial .

**AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF MONACO AGAINST MEDLY FOR VIOLATION OF THE NEW YORK STATE WARN ACT NEW YORK LABOR LAW, CHAPTER 31, ARTICLE 25-A, §860, *et. seq.***

33. Monaco repeats, realleges and incorporates ¶¶1-20 of this Complaint as though fully set forth at length herein.

34. Medly is an employer within the meaning of the New York WARN Act, New York Labor Law §860, *et. Seq*.

35. Monaco is an affected employee within the meaning of the New York WARN Act.

36. Monaco suffered an "employment loss" within the meaning of the New York WARN Act as a result of his termination because over 33% of the workforce was laid off.

37. The termination was a "mass lay-off" within the meaning of the New York WARN Act.

38. Medly failed to provide Monaco with 90-day's advance written notice of the termination, as it was required to do.

39. The layoff was reasonably foreseeable and providing notice was within Medly's control.

40. Pursuant to §860-g of the New York State WARN Act, Medly is liable to Monaco for back pay, salary, commissions, bonuses, benefits, accrued holiday pay, 401(k) contributions, health insurance coverage and other employee benefits in an amount to be determined at trial.

**WHEREFORE**, Erik Monaco demands judgment against Medly Pharmacy, Inc. on the First Cause of Action in the sum of at least Three Hundred Thousand ($300,000) Dollars and attorney's fees, interests, costs and other damages determined by the fact-finder; on the Second Cause of Action all statutory damages, compensatory damages, punitive damages, liquidated damages, attorney's fees, interest, costs; and on the Third Cause of Action all statutory damages, compensatory damages, punitive damages, liquidated damages, attorney's fees, interest, costs as well as such other relief as this Court deems just and proper.

**SCHWARTZ PERRY & HELLER LLP**
*Attorneys for Plaintiff*

By: _____
     DAVIDA S. PERRY
     BRIAN HELLER
     3 Park Avenue, Suite 2700
     New York, NY 10016
     (212) 889-6565